# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUALITY HOUSING, LLC<br><br>v.<br><br>INDEPENDENT SPECIALTY INSURANCE COMPANY | Case No.: 2:22-cv-3774<br><br>Judge Jane Triche Milazzo<br><br>Magistrate Judge Karen Wells Roby |

## REPLY BRIEF IN SUPPORT OF ISIC'S MOTION FOR RECONSIDERATION

Independent Specialty Insurance Company ("ISIC") files this Reply Brief in support of its Motion for Reconsideration, as follows:

## I.  INTRODUCTION

As the Court knows, ISIC moved for reconsideration (Doc. 21) of the Court's order (Doc. 20) denying ISIC's motion to compel arbitration (Doc. 9). Specifically, the Court determined that the parties had not petitioned the magistrate to opt out of the Streamlined Settlement Program within 15 days of ISIC's responsive pleading, and therefore, under the Court's case management order (Doc. 7), they had opted into the SSP. Consequently, the Court compelled the parties to participate in the SSP and denied ISIC's motion as moot.

In its Motion for Reconsideration, ISIC respectfully asked the Court to reconsider its order on the following grounds: (1) ISIC had never filed a "responsive pleading" because it instead filed a motion to compel arbitration, so the time to opt out had never began to run; (2) construing the Case Management Order ("CMO") to the contrary would violate the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, the Federal Arbitration Act, and applicable New York law; and (3) ISIC's motion to compel rebutted the CMO's presumption that

the parties intended to participate in the SSP, regardless of whether ISIC also petitioned the magistrate.

Quality Housing's response does not credibly dispute any of ISIC's arguments. Instead, it relies on inapposite case law for its otherwise bare assertion that courts treat motions to compel arbitration like responsive pleadings. Yet, even the case on which Quality Housing primarily relies shows that this is not true. Rather, courts expressly recognize that motions to compel arbitration are *not* responsive pleadings because the right to arbitrate is the right to be free from the litigation process, which would be frustrated if parties were forced to file responsive pleadings that are *part of* the litigation process. Moreover, in part because the right to arbitrate is the right to be free from the litigation process, the Court can only require ISIC to participate in the SSP is if it finds the arbitration provision unenforceable. Because the Court has not made such a finding, ISIC respectfully submits that the Court should withdraw its prior order, permit ISIC to file a reply in support of its motion to compel arbitration, and decide ISIC's motion on the merits.

**II.**  **REPLY**

**A.  The Precedent Quality Housing Relies on Confirms that the Motion Was Not a Responsive Pleading**

First, Quality Housing fails to raise any supported argument as to why ISIC's motion to compel arbitration should be considered a "responsive pleading." Again, ISIC's point was that the CMO's deadline is triggered by the filing of a "responsive pleading," but ISIC only filed a motion to compel arbitration and to stay or, alternatively, dismiss the proceedings. Thus, the deadline to opt out never began to run. ISIC's motion relied on multiple cases finding that motions to compel arbitration should be considered a preliminary motion, like a Rule 12(b) motion, rather than a "responsive pleading" like those listed in Rule 7(a). As ISIC explained, this makes sense because motions to compel arbitration are brought to avoid judicial litigation, whereas responsive pleadings

2

*advance* judicial litigation. And, it makes particular sense here because ISIC's motion was alternatively styled as a motion to dismiss or stay—both of which are routinely recognized as preliminary motions rather than pleadings.

Instead of seriously challenging any part of ISIC's argument, Quality Housing instead cited to several, at best irrelevant and at worst contradictory, cases before concluding that courts treat motions to compel like "responsive pleadings." In reality, Quality Housing's summary of those cases is not even a *non sequitur*; it is a misrepresentation of the central holdings.

Specifically, Quality Housing's opposition quotes *Lamkin v. Morinda Properties Weight Parcel, LLC,* 440 Fed. Appx. 604 (10th Cir. 2011) and its cited cases for the proposition that "[a] defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint." Obviously, ISIC agrees with this uncontroversial premise. Indeed, it is close to ISIC's whole point: motions to compel arbitration are filed as preliminary motions, like motions to stay or dismiss, **before and *instead of*** responsive pleadings to conserve judicial resources and ensure speedy and efficient resolution of threshold issues. Because motions to compel are filed **in lieu of** responsive pleadings, they are not responsive pleadings.

In fact, *Lamkin* **expressly recognized that motions to compel arbitration are not "responsive pleadings."** In reversing the district court's denial of a motion to dismiss or stay, the 10th Circuit in *Lamkin* stated, "In essence, [the district court] held that to create a dispute sufficient to trigger arbitration, [the defendant] had to file a responsive pleading denying the allegation of breach/default in plaintiffs' complaint…" *Lamkin*, 440 Fed. Appx. at 607 (10th Cir. 2011). The 10th Circuit reversed the district court's determination "that an arbitrable dispute does not exist unless and until the defendant files a responsive pleading in litigation," finding that "requiring a party to file an answer denying material allegations in the complaint and asserting potential

affirmative defenses—in short, formally and substantively engaging in the merits of the litigation—in order to enforce its right not to litigate is a non-sequitur." *Id.* at 608. Hence, even a cursory reading shows that the *Lamkin* court did not treat a motion to compel arbitration as a responsive pleading, as Quality Housing contends. In fact, the *Lamkin* court specifically distinguished motions to compel arbitration from responsive pleadings.

The 10th Circuit maintained a careful distinction between responsive pleadings and motions to compel arbitration throughout the *Lamkin* decision. For instance, when the *Lamkin* court cited *Davis* and *Green Tree Financial*, which Quality Housing couched as further evidence that "courts treat motions to compel as responsive pleadings," it observed in a footnote that "cases involving motions to compel arbitration typically just note the filing of the motion in response to the complaint, without even mentioning the presence or absence of any responsive pleading." *Id.* at 608 n. 1. To state the obvious, by distinguishing the filing of the motion to compel from "responsive pleadings," the 10th Circuit indicated that it **did not** treat motions to compel as responsive pleadings. Instead, the 10th Circuit explicitly recognized that motions to compel arbitration are different from responsive pleadings.

The other authorities cited by Quality Housing are irrelevant. Most of the cases establish only that motions to compel are routinely filed "in lieu of" responsive pleadings. Again, ISIC obviously does not dispute this point; it relies on it. And *In re Corley*, No. AP 05-01265 S, 2007 WL 9734989, at *1 (D.N.M. Jan. 22, 2007) and *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1166 (W.D.N.Y. 1994) stand for the entirely unrelated proposition that courts construe some filings—but not motions to compel arbitration—as "pleadings" for the purpose of amendments or relation back. That has nothing to do with the issue here.

In sum, far from explaining why the court should view ISIC's motion compel arbitration as a responsive pleading, Quality Housing has instead confirmed the alternative: motions to compel arbitration are not responsive pleadings. This point is emphasized in *Lamkin*, which unambiguously recognized that motions to compel arbitration are not responsive pleadings because pleadings implicate involvement in the litigation process, whereas motions to compel arbitration seek to avoid it. The Court should follow that distinction and rationale here. Put simply, it makes sense to interpret the CMO in a way that recognizes that parties seeking to compel arbitration do not want to, and should not be compelled to, participate in traditional courthouse litigation, including any judicially created alternative dispute process like the SSP. Under this rationale, the Court should construe the CMO such that ISIC's motion to compel arbitration does not trigger the 15 day deadline to "opt out" of the SSP.

### B. The Parties Agree that the Court Should Resolve the Issue of Whether Arbitration is Required

Second and relatedly, ISIC's motion for reconsideration argued that the Court's denial of its motion to compel arbitration would only be appropriate if it determined ISIC had no right to arbitrate. As the cases discussed in ISIC's motion (as well as *Lamkin*) make clear: the arbitral right depends on its expeditious enforcement because involvement in the judicial process is ***in itself*** antithetical to arbitration's benefits. When it comes to arbitration, justice delayed truly is justice denied. For this reason, ISIC's Motion for Reconsideration asked the Court to withdraw its order compelling the parties to the SSP, to permit ISIC to file a reply in support of its motion to compel arbitration, and to consider ISIC's motion on the merits.

Rather than addressing ISIC's point, Quality Housing's opposition attacked the different question of whether arbitration should be compelled or not, which is an issue to be addressed in ISIC's motion to compel arbitration, not in the motion for reconsideration. To be clear, ISIC's

motion for reconsideration did not argue that the Convention or the FAA require the Court to compel arbitration. Rather, ISIC argued that the Convention and FAA require the Court to determine ISIC's motion on the merits before compelling the parties to participate in the SSP. By failing entirely to respond to ISIC's actual argument, Quality Housing has conceded that the Court in fact must consider the merits of ISIC's motion to compel arbitration before deciding whether the parties are required to participate in the SSP. *See Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (collecting authority reflecting the failure to respond to an argument waives opposition).

To be clear, this is not to suggest that ISIC does not ***also*** argue that arbitration is required. In fact, Quality Housing's argument that arbitration is not mandatory is dead wrong. Initially, as explained in ISIC's motion to compel arbitration, ISIC can enforce the arbitration provision under the International Convention on the Recognition and Enforcement of Foreign Arbitral Awards because equitable estoppel principles provide that that international treaty applies to the arbitration agreement regardless of whether Quality Housing chooses to name the foreign insurers or not.

Further, even if the Convention did not apply, the arbitration agreement would be enforceable under domestic law. Quality Housing relies on La. R.S. § 22:868(A) to argue that arbitration is unenforceable under domestic law. But that statute does not apply to the arbitration agreement here. This is true either because New York law applies, as explained in ISIC's motion to compel arbitration, or because La. R.S. § 22:868(A) does not apply to surplus lines carriers like ISIC, as ISIC intends to further explain in a reply memorandum. *See, e.g., Certain Underwriters at Lloyd's, London v. Belmont Commons L.L.C.*, No. 2:22-CV-3874, 2023 WL 105337, at *3 (E.D. La. Jan. 4, 2023).

And, to the extent Quality Housing claims that there needs to be a signed agreement, that is not the law. *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 1 F.3d 666, 669 (5th Cir. 1994) ("The district court properly did not require that the contract containing an arbitral provision be signed to constitute an agreement in writing under the Convention."). Again, ISIC plans to address these issues in a reply brief in support of its motion to compel arbitration. But, the key point for the purposes of *this motion* is that the question of whether to compel arbitration is a separate issue from the question of when that decision must be made. Only the latter is relevant to ISIC's motion for reconsideration.

### C. ISIC Clearly Evidenced an Intent Not to Participate in the SSP, With Good Cause Shown

Finally, Quality Housing makes much ado about the manifest error standard under 59(e). Specifically, it contends that even if ISIC's motion to compel arbitration contradicted the CMO's presumption that the parties intended to participate in the SSP, it would not be "manifest error" for the Court to compel the parties to participate in the SSP anyways. Initially, ISIC disagrees for the reasons discussed above: ISIC sought to avail itself of the right to arbitrate by filing a motion to compel arbitration, which is diametrically opposed to participation in judicial ADR. But, while reconsideration and withdrawal of the Court's order is appropriate under the Rule 59(e) standard, it is worth reiterating that the Court could alternatively apply Rule 54(b)'s "for any reason" standard. *See Vine v. PLS Fin. Servs., Inc.,* 807 F. App'x 320, 326 (5th Cir. 2020) (noting that "ordinarily" district courts are free to revise interlocutory orders like an order denying arbitration under Rule 54(b)); *see also Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) ("[The Fifth Circuit] has explained that when a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"). Quality

Housing does not appear to dispute that reconsideration and withdrawal of the Court's order is appropriate under that more lenient standard.

### III. CONCLUSION

In sum, from start to finish Quality Housing's response to ISIC's motion for reconsideration misses the point. It applies the wrong standard to attack the wrong arguments, and it does so with authority that actually contradicts its arguments. For this reason, and for the reasons explained in ISIC's memorandum in support, ISIC respectfully asks the Court to (1) grant ISIC's Motion for Reconsideration, (2) withdraw its order denying ISIC's motion to compel arbitration, (3) permit ISIC to file a reply brief responding to Quality Housing's arguments in opposition to ISIC's motion to compel arbitration, and (4) decide ISIC's motion on the merits.

Respectfully submitted,

**WOOD, SMITH, HENNING & BERMAN LLP**

*/s/ Ashley E. Bane*
Ashley E. Bane (La. Bar No. 35640)
Lori D. Barker (La. Bar No. 31687)
John M. Falgout (La. Bar No. 39177)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Phone: (504) 386-9840
Fax:     (504) 386-9841
Email:   ABane@wshblaw.com
           LBarker@wshblaw.com
           JFalgout@wshblaw.com
*Counsel for Defendant*